THE PEOPLE ex rel. PETER TIERNAN, Respondent, v. NATHANIEL MARSH and Others, Composing the Board of Supervisors of Richmond County, Appellants.

*Fees of justices of the peace in Richmond county — repeal of the limitation in section 2 of chapter 59 of 1866 — peremptory mandamus.*

The provision of section 2 of chapter 59 of the Laws of 1866, limiting the fees of justices of the peace and constables in the county of Richmond to $300 per annum, was repealed by force of section 2 of chapter 692 of the Laws of 1866, establishing fees for such officers throughout the State and repealing all laws inconsistent therewith, except laws locally applicable to villages and cities.

The provision so limiting such fees having been declared repealed in two cases by the Supreme Court, and such fees having been thereafter paid according to the State rate, without regard to said limitation, a peremptory writ of mandamus is properly issued to compel the board of supervisors to allow the bill of a justice of the peace in excess of $300, which had been disallowed on the ground of such limitation.

APPEAL by the defendants, Nathaniel Marsh and others, composing the board of supervisors of the county of Richmond, from an order of the Supreme Court, made at Special Term and entered in the office of the clerk of the county of Richmond on the 2d day of February, 1893, awarding to the relator, Peter Tiernan, a peremptory writ of mandamus, commanding the defendants to receive, audit and pay the claim of the relator for $404.15, for services rendered as justice of the peace in the town of Middletown, Richmond county, during the year 1892, in criminal cases for felonies arising in said county outside of the village of Edgewater.

The grounds of the refusal of the board of supervisors to audit the relator's bill are set forth in the following preamble and resolution adopted by the board:

" WHEREAS, PETER TIERNAN, a Justice of the Peace of the Town of Middletown, Richmond County, New York, has presented a claim to this Board for the sum of $404.15 for services rendered by him in criminal cases, for felonious offenses committed outside of the limits of the Village of Edgewater in said County during the year 1892; and WHEREAS, the said PETER TIERNAN, as such Justice of the Peace, has for said year 1892 rendered a claim to the Board of Town Auditors of the Town of Middletown for services

rendered in criminal cases for misdemeanors committed in said Town outside of said Village of Edgewater, amounting to the sum of $360.00; and WHEREAS, said last-mentioned claim was audited and allowed by the said Board of Town Auditors, and is included in and forms a part of the town abstract of the said town of Middletown for the year 1892; and WHEREAS, at a meeting of the Board of Supervisors, held December 20, 1892, said abstract was presented for action to said Board of Supervisors; and WHEREAS at said meeting the following resolution was passed, viz.:

" ' On motion, ordered, that the said abstract be accepted and the ' Supervisor of the Town be authorized to draw vouchers against ' the same, except in such cases where the claims of Justices of the ' Peace and of constables exceed the sum of $300.00, and in those ' cases only to that amount, until further ordered by this Board, and ' that the amount of said abstract, less the sums herein mentioned, ' be inserted in the tax levy of said Town.'

" AND WHEREAS, this Board has been advised by its counsel that it is, under the circumstances of this case, prohibited by the terms of Chapter 59, Laws of 1866, from auditing and allowing the said claim of said Peter Tiernan for said sum of $404.15, or for any sum whatever:

" *Resolved,* that for the reasons aforesaid, that this Board refuse to audit such claim."

*J. D. Van Hoevenberg,* for the appellants.

*William M. Mullen,* for the respondent.

BARNARD, P. J.:

Section 2 of chapter 59, Laws of 1866, is repealed. By this section justices of the peace and constables in the county of Richmond were limited to $300 per annum. By chapter 692 of the laws of the same year a scale of fees for justices of the peace and constables was made for the state and all laws inconsistent with this law were repealed except laws locally applicable to villages and cities. The two acts cannot stand together and the repeal of section 2 of chapter 59 of the Laws of 1866 is, therefore, express, by virtue of section 11 of the act chapter 692, Laws of 1866.

In 1871, by chapter 791, Laws of 1871, the Legislature amended

the village charter of New Brighton, a village in Richmond county, and in this act repealed in words chapter 59, Laws of 1866, and the repeal was general and not restricted by the language used in effecting the repeal. If the repeal was effectual, then chapter 283, Laws of 1875, would not reinstate the section so repealed. It has been decided by Justices GILBERT and CULLEN that the restrictive section in the Laws of 1866 was repealed, by Judge GILBERT in the *Kessner* case, and by Judge CULLEN in the *Gaggen* case. Justice LANDON agrees with these judges in this construction of the effect of the repealing words. The justices and constables in Richmond county have been paid according to the State rate of fees even if the entire bill for services rendered xceeded $300.

The order granting a mandamus should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment and order affirmed, with costs.